Glenn Edward YURGIL, Plaintiff—Appellant,

v.

CALIFORNIA AIR NATIONAL GUARD, a department of the State of California; Alan Bice, as an individual and as Chief of Security Forces for the 146th Airlift Wing, California Air National Guard; John E. Iffland, as an individual and as a wing commander for the 146th Airlift Wing, California Air National Guard; Robert W. Barrow, as commander of the California Air National Guard; Daniel J. Gibson, as an individual and as Vice Commander of the California Air National Guard; Michael Hamilton, as an individual and as a Commander of the 146th Wing Security Forces; Thomas Edward Kent, Esq., as an individual and as a Senior Airman in the California Air National Guard; Tammy Treat, as an individual and as a member of California Air National Guard; James Duffy Shropshire, as an individual and as an employee of the State of California; Todd P. Macler, as an individual and as a Special Agent for the Air Force Office of Special Investigations; Does 1–100, inclusively; Cindy Ramsey, as an individual and an employee of the State of California; Jill M. Vinsonhill, as an individual and as a special agent for the Federal Bureau of Investigation, Defendants—Appellees.

No. 99–56910.

D.C. No. CV–99–02492–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2001.

Decided Oct. 5, 2001.

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM *

Yurgil argues that his claims are not barred by the statute of limitations, because the statute was tolled by Cal. Gov't Code § 945.3. This section prevents defendants in criminal actions from filing civil suits against "peace officers" while the criminal case is still pending in a "justice, municipal, or superior court" and tolls the statute of limitations on the civil action until the criminal charges are resolved.[1] The criminal case against Yurgil was not pending in a "justice, municipal or superior court," but rather in a military court under the authority of the California National Guard, so the tolling provision does not apply. His claim against the federal officer, like his claims against the other defendants, is barred by the one year statute of limitations.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

